IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL STEVEN HAYES,**

                  Petitioner,

    v.                                                  CASE NO. 20-3183-SAC

**STATE OF KANSAS,**

                  Respondent.

## **NOTICE AND ORDER TO SHOW CAUSE**

The case comes before the Court on Petitioner Michael Steven Hayes's petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner proceeds pro se. The Court has conducted an initial review of the Petition and enters the following order.

**Background**

On February 14, 1994, Petitioner was sentenced to a term of life imprisonment after being found guilty by a jury in the District Court of Atchison County, Kansas, of murder in the first degree, aggravated robbery, and conspiracy to commit robbery. *State v. Hayes*, No. 93-CR-000269. The conviction was affirmed by the Supreme Court of Kansas on direct appeal. *State v. Hayes*, 908 P.2d 597 (Kan. 1995).

On November 25, 2003, Petitioner filed a motion seeking habeas relief in Kansas courts under K.S.A. 60-1507. His motion was dismissed as out of time by the district court. *Hayes v. State*, No. 2003-CV-000114. Petitioner appealed, and the Kansas Court of Appeals reversed and remanded the case to the district court. *Hayes v. State*, 115 P.2d 162 (Kan. App. 2005). On remand, the district court denied the motion, and Petitioner again appealed. The Kansas Court of

1

Appeals affirmed the denial on December 10, 2010. *Hayes v. State*, No. 102,448, 2010 WL 5139930 (Kan. App. Dec. 10, 2010). It does not appear that Petitioner appealed to the Kansas Supreme Court.

Almost five years later, on November 5, 2015, Petitioner filed a motion to correct illegal sentence under K.S.A. 22-3504. The district court summarily dismissed the motion. Petitioner appealed the dismissal, and the Kansas Supreme Court affirmed on March 2, 2018. *State v. Hayes*, 411 P.3d 1225 (Kan. 2018). It then appears Petitioner may have filed a second motion to correct illegal sentence on June 1, 2018, which was denied and which is still on appeal.

Most recently, Petitioner filed a second state habeas corpus action on December 5, 2019. *Hayes v. State*, No. 2019-CV-000096. The action was dismissed by the district court, and Petitioner appealed. The Kansas Court of Appeals affirmed on May 11, 2020.

**Rule 4 Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Petition**

Mr. Hayes bases his Petition on an argument that he was improperly extradited from Missouri to Kansas. When he was charged with the Kansas crimes, he was 17 years old and being held in Platte County, Missouri on a misdemeanor theft charge. Petitioner alleges Kansas did not obtain a proper governor's warrant to extradite him but instead treated him as a juvenile and transported him without the warrant or the permission of his parents.

**Standard of review**

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a petitioner is entitled to habeas corpus relief only if the last reasoned state court decision either "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]", 28 U.S.C. § 2254(d)(1), or that decision was based upon an "unreasonable determination of the facts in light of the evidence presented." § 2254(d)(2). After making that showing, a petitioner under § 2254 must ultimately show that a constitutional violation occurred. *See Hancock v. Trammell*, 798 F.3d 1002, 1010 (10th Cir. 2015); 28 U.S.C. § 2254(a).

The AEDPA established a "highly deferential" standard of review and requires the habeas court to give "state-court decisions ... the benefit of the doubt." *Littlejohn v. Trammell,* 704 F.3d 817, 824 (10th Cir. 2013) (quoting *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002))(per curiam). In reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007). "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard v. Boone,* 468 F.3d 665, 671 (10th Cir. 2006); *see also Frost v. Pryor,* 749 F.3d 1212, 1215 (10th Cir. 2014). This deferential standard of review "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal." *Harrington v. Richter,* 562 U.S. 86, 102–03 (2011) (internal quotations and citations omitted).

The Court is required to presume the factual findings of the state court are correct unless Petitioner rebuts the presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *accord Welch v. Workman,* 639 F.3d 980, 991 (10th Cir. 2011).

**Analysis**

The Petition is subject to dismissal for two reasons. First, it was filed outside the limitation period established by the AEDPA. Second, illegal extradition is not a basis for federal habeas relief.

1. **Limitation period**

The Petition is subject to dismissal because it was filed outside the limitation period established by the AEDPA. Under the AEDPA, an inmate in state custody has one year to file a federal habeas petition challenging a state conviction. 28 U.S.C. § 2244(d)(1). The act provides four alternative starting dates for the limitation period:

The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D). The statute includes a tolling provision for properly filed post-conviction actions:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(2).

The effective date of the AEDPA was April 24, 1996.  Petitioner's conviction became final before that date, so the one-year limitation period began to run for Petitioner on the AEDPA effective date, April 24, 1996, and expired on April 23, 1997.  *See Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998).

Petitioner did not file his first action for state habeas corpus review under K.S.A. 60-1507 until November 25, 2003, more than six years after the AEDPA limitation period expired.  As a result, statutory tolling is not a factor in this case.  Mr. Hayes's Petition here, filed on July 6, 2020, is untimely and subject to dismissal.

Considering the Petition instead under Paragraph (D) of § 2244(d)(1), which provides, alternatively, that the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence", the claim Hayes raises regarding his extradition was discoverable before he was ever tried.  As a result, Paragraph (D) of § 2244(d)(1) does not provide Hayes with a later staring date for the limitations period.

Under very limited circumstances, the limitation period may be equitably tolled.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "[A] [habeas] petitioner is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  "[A]n inmate bears a strong burden to show specific facts to support his claim of

5

extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Here, Petitioner makes no argument for equitable tolling in his Petition. He alleges no extraordinary circumstance, beyond the circumstances experienced by most incarcerated pro se litigants. Consequently, the Court directs Petitioner to show cause why this action should not be summarily dismissed because it was filed out of time.

**2. Illegal Extradition**

Even if Petitioner could show he is entitled to equitable tolling, his Petition would still be subject to dismissal. Petitioner's grounds for relief all involve alleged defects in his extradition from Missouri to Kansas. However, it is too late for Mr. Hayes to challenge his extradition in a federal habeas action. Before a person accused of a crime in one state and in custody in a different state is extradited to the demanding state, he can challenge the authority of the asylum state to extradite him by seeking a federal writ of habeas corpus. *White v. Boulder Cty., CO*, 44 F. App'x 912, 913 (10th Cir. 2002). But, "once the prisoner has been returned to the demanding state, the writ of habeas corpus is no longer available to challenge his confinement upon grounds arising in the asylum state." *Id.* (quoting *Gee v. State of Kansas,* 912 F.2d 414, 416 (10th Cir. 1990) (citations omitted). "Illegal extradition does not deprive the receiving state of jurisdiction, nor does it deprive a defendant of due process in the receiving state." *Strickland v. Wilson*, 399 F. App'x 391, 395 (10th Cir. 2010); *see also Remeta v. Singletary,* 85 F.3d 513, 518-19 (11th Cir. 1996) (failure of asylum state to provide petitioner pre-extradition hearing did not deprive demanding state of jurisdiction to try petitioner on criminal charges); *Eckert v. Tansy,* 936 F.2d 444, 450 (9th Cir. 1991) (federal habeas relief cannot be granted "on the ground of illegal extradition"); *Shack v. Attorney General,* 776 F.2d 1170, 1172 (3d Cir. 1985) (defects in the

extradition process were not valid basis for collateral attack on conviction in receiving state). Petitioner's claim for federal habeas relief on the basis of his extradition from Missouri to Kansas is without merit.

**Conclusion**

The Court directs Petitioner to show cause why the Petition should not be dismissed for the reasons explained above.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **December 14, 2020**, to show cause why this matter should not be dismissed.  The failure to file a response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

**DATED:  This 13th day of November, 2020, at Topeka, Kansas.**

> **s/  Sam A. Crow**
> **SAM A. CROW**
> **U.S. Senior District Judge**